IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA JOYCE STINSON,

    Plaintiff,

vs.                                        Case No. 2:13-cv-00452-KG-SMV

WAL-MART STORES EAST, L.P.,

    Defendant.

## CONFIDENTIALITY ORDER

The parties have stipulated to the entry of the following Confidentiality Order, which this Court hereby approves. This Order is intended to protect the confidentiality of documents and records including, but not limited to, proprietary business records of Defendant, as well as the personal and personnel records of Plaintiff and others, including, but not limited to, tax returns/financial records, medical records, employment/education records, and telephone/e-mail records.

    1.    Designation of CONFIDENTIAL Materials. Any party in this action (the "designating party") shall have the right to designate as CONFIDENTIAL any material that it believes, in good faith, contains or represents confidential personal, medical, financial, proprietary, competitive, trade secret, personnel or other sensitive information that the designating party normally would not reveal to third parties or that the designating party normally would require third parties to maintain in confidence.

2. Restriction of Designated Materials Obtained in this Action. No material designated CONFIDENTIAL shall be disclosed to any person or entity except as set forth in this Order. No person shall use any material designated CONFIDENTIAL for any purpose other than to assist in the preparation, trial and any appeal of this Action. No copies of material designated CONFIDENTIAL shall be made except by or on behalf of counsel for named parties.

3. Marking Designated Material. Material described in paragraph 1 above that any party wishes to designate as CONFIDENTIAL so as to protect the same against unauthorized use or disclosure shall do so by either of two methods. Under the first procedure, the material shall be marked by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – Subject to Court Order" on the first page of the document or on the physical item. By the second method, a party may identify material as CONFIDENTIAL by serving written notice on all other parties that the material described in the notice is CONFIDENTIAL. The notice may either describe the material with sufficient particularity so as to identify the material and its format and subject matter, or describe the location of the material, its format and subject matter, and the manner of its delivery or availability to the other parties. For example, electronically maintained information in a computerized format may be designated CONFIDENTIAL by giving written notice granting the other parties access to descriptively specified information maintained within a specified computer software program. Any CONFIDENTIAL physical item shall be marked on the physical item or on the container within which it is produced.

4. Declassification. A party may apply to the Court for a ruling that material or a document (or category of documents) identified by another party as CONFIDENTIAL is not entitled to such status and protection. The party that designated the material or document as CONFIDENTIAL shall be given notice of the application and an opportunity to respond. To maintain CONFIDENTIAL status, the

proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the material or document to have such protection.

5. Depositions. Deposition testimony concerning confidential information may be designated CONFIDENTIAL. In that case, the portion of the transcript of the deposition that is designated CONFIDENTIAL shall be clearly marked by the reporter to note that the designated portion of the transcript is CONFIDENTIAL. The designating party shall have the right to exclude all persons except deponent, his/her counsel, counsel of record for the named parties, the reporter, and those persons listed in paragraph 7 below from a deposition while the witness testifies. Deposition transcripts may be designated CONFIDENTIAL within 30 days after the transcript has been received by the parties by giving written notice of such designation to counsel for all parties.

6. Filing Designated Material. Subject to paragraph 9 below, all material filed with the Court, including transcripts of depositions, exhibits, physical evidence, answers to interrogatories, responses to requests for admission, briefs and memoranda, which contain designated CONFIDENTIAL information, shall be filed with and kept by the Clerk of the Court as filed under seal. The Clerk shall not provide any sealed document filed with the Court to any person other than members of the Court staff absent further written order of the Court.

7. Access to CONFIDENTIAL Material. Except as provided in this Order, material designated CONFIDENTIAL, and the information contained therein, shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a. counsel working on this action on behalf of any party;
    b. full-time, part-time or temporary employees of counsel under the supervision of counsel;

c. any person not employed by a party who is expressly retained as a consultant or expert retained for the purpose of assisting in the litigation of this Action by a party or counsel, but only to the extent necessary to perform such work;

d. any person who was an author, recipient or subject of CONFIDENTIAL material about which testimony is taken, or any person from whom testimony is taken whom counsel for any party wishes to question regarding any CONFIDENTIAL material. If such a person is deposed or testifies in a court proceeding and, during the course of such testimony he/she is shown copies of CONFIDENTIAL materials, he/she may not keep those copies;

e. deposition and court reporters, a secure outside copy service under contract to provide copy service to counsel for any party, the Court and the Court staff; and

f. any party to this action.

In the event any party is served with a subpoena or similar request demanding production of the information designated as CONFIDENTIAL, that party shall immediately notify the producing party of such subpoena or request and it will be the obligation of the producing party to interpose and defend any objection to production of the confidential information.

8. Procedure for Seeking Further Disclosure. Before counsel may disclose CONFIDENTIAL material to those not identified in paragraph 7 above, he/she shall provide written notice to counsel for the designating party of his/her intent to disclose the CONFIDENTIAL material. The notice must state the specific material to be disclosed, and the name, address, and position of the person to whom counsel plans to disclose the material. Counsel shall not disclose CONFIDENTIAL material under this paragraph until he/she receives written approval from counsel for the designating

party, except by Order of the Court. Within ten (10) days after the designating party is notified of the desired disclosure, he/she shall give written notice of approval or of any objection to the disclosure. If the parties cannot otherwise resolve the issue, counsel desiring to disclose CONFIDENTIAL information shall file a motion with the Court. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

9. CONFIDENTIAL Information at Trial. Subject to the Federal Rules of Evidence, stamped CONFIDENTIAL documents and other CONFIDENTIAL information may be offered in evidence at trial or any court hearing provided that the proponent of the evidence gives five days advance notice to counsel for any party or other person that designated that information as confidential. This notice provision shall not apply to any unanticipated use of CONFIDENTIAL information, such as use in court as rebuttal evidence. Any party may move the court for an order that this evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should be continued to be treated as CONFIDENTIAL information and, if so, what protection, if any, may be afforded to such information at trial.

10. Undertakings of Persons Receiving Designated Materials. Material designated CONFIDENTIAL shall not be disclosed to any person described in paragraphs 7 or 8 until that person has signed a written declaration in the form attached as Exhibit A.

11. If a witness who does not fall under paragraph 7 will view material designated CONFIDENTIAL during his/her deposition, the deponent must sign a written declaration in the form attached as Exhibit A.

12. Counsel of record shall be responsible for maintaining a file of all such declarations that he/she obtains pursuant to this Protective Order.  The file of signed declarations shall be available for inspection by the Court and opposing counsel.

13. Clerk to Return Designated Material.  Upon final adjudication, including any appellate proceedings, of the claims at issue in this action, or upon such earlier order as the Court may enter pursuant to a duly noticed motion and hearing, the Clerk shall return all material designated CONFIDENTIAL to the party who filed the material.

14. Disposition of Designated Material at End of Action.  Within sixty (60) days of the final adjudication, including any appellate proceedings, or other final disposition of the claims at issue in this action, unless otherwise agreed in writing by an attorney of record for the designating party, each party and person identified in paragraph 7 shall return *all* material designated CONFIDENTIAL they possess, including all copies, to the person who provided such material, and sign a certification in the form attached as Exhibit B, except for any copies of CONFIDENTIAL material that contains counsel's work product which need not be returned but which shall be kept CONFIDENTIAL pursuant to this Order.  Counsel for the parties may retain a copy of the entire file for their personal records, but such counsel shall not disclose CONFIDENTIAL material to any person or entity without the prior written consent of the opposing party.

15. Obligations of Counsel.  Counsel for each party shall take all precautions to prevent unauthorized or inadvertent disclosure or use of any material designated CONFIDENTIAL.

16. Unauthorized Disclosure.  This Court shall retain jurisdiction to determine enforce this Order and/or award sanctions for its breach.

17. Inadvertent Failure to Designate.  Failure to designate material as CONFIDENTIAL shall not preclude any party or third party from later designating

the material CONFIDENTIAL. A party or third party may designate previously produced material CONFIDENTIAL that he/she inadvertently failed to designate initially through written notice to counsel of record for the receiving party or parties. The designating party shall supply copies of the material marked CONFIDENTIAL.

18. Duration of Confidentiality Order. The confidentiality obligations imposed by this Order, including without limitation those of counsel under paragraphs 14 and 15, shall remain in effect unless the Court expressly orders otherwise.

19. Modification Permitted. Nothing in this Order shall prevent any party from seeking modification of this Order or from objection to discovery that it believes to be otherwise improper.

Dated: January 28, 2014.

_____
UNITED STATES DISTRICE JUDGE

Submitted by:

LITTLER MENDELSON, P.C.

By: */s/ Charlotte Lamont*
    Charlotte Lamont
    Attorneys for Defendant

Agreed to:

THE LAW OFFICE OF LISA A. ELIZONDO

By: *Approval given 1/23/14*
    Lisa A. Elizondo
    Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LINDA JOYCE STINSON,

       Plaintiff,

vs.                           Case No. 2:13-cv-00452-KJG-SMV

WAL-MART STORES EAST, L.P.,

       Defendant.

## DECLARATION

The undersigned hereby acknowledges that he or she has been informed of the existence of the Confidentiality Order dated January _____, 2014, has been explained and understands the terms thereof, submits to the personal jurisdiction of the United States District Court for the District of New Mexico for purposes of enforcing the Confidentiality Order, and agrees upon threat of penalty of contempt to be bound by such terms.

_____                      _____
Date                                                           Signature

I hereby certify that a copy of the foregoing was mailed this ___ day of _____, _____, to all counsel of record as follows:

Lisa A. Elizondo
THE LAW OFFICE OF LISA A. ELIZONDO
2504 Montana Ave.
El Paso, TX  79903-3710

Steven G. Biddle (admission by association)
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016

**EXHIBIT A**

2

Charlotte Lamont
LITTLER MENDELSON, P.C.
6565 Americas Parkway NE, Suite 200
Albuquerque, NM  87110

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LINDA JOYCE STINSON,

    Plaintiff,

vs.                                          Case No. 2:13-cv-00452-KJG-SMV

WAL-MART STORES EAST, L.P.,

    Defendant.

## **CERTIFICATION**

Pursuant to the Confidentiality Order dated  January  _____, 2014, I hereby certify that all material designated CONFIDENTIAL that is in my possession, including all copies of such material, was returned to the person who provided said material.

_____                _____
Date                                                                           Signature

Firmwide:123527613.1 015602.8398

**EXHIBIT B**