**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LINDA JOYCE STINSON,

      **Plaintiff,**

v.                                  **No. 13-cv-0452 KG/SMV**

WAL-MART STORES EAST, L.P.,

      **Defendant.**

**ORDER DENYING MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff's Motion to Compel [Doc. 72] ("Motion"), filed on April 21, 2014.  Defendant Wal-Mart Stores East, L.P., filed its response on May 8, 2014.  [Doc. 76].  While no reply was filed, Plaintiff filed a notice of completion of briefing on May 19, 2014.  [Doc. 77].  The Court, having considered the briefs and relevant law, and being otherwise fully advised in the premises, finds that the Motion is not well-taken and shall be DENIED.

On February 28, 2014, Plaintiff served her second set of interrogatories and second set of requests for production.  [Doc. 72] at 2.  Defendant served its objections on April 2, 2014. [Doc. 68].  Plaintiff's Motion asks the Court to overrule Defendant's objections to Interrogatories Nos. 18–25 and Request for Production Nos. 52–63.  [Doc. 72] at 2.  In response, Defendant asserts that Plaintiff previously served substantially identical discovery requests on July 31, 2013, when she filed her first set of discovery requests. [Doc. 73] at 2.  It contends that after it objected to the first set of requests, Plaintiff failed to file a motion to compel within the time limits set out in D.N.M.LR-Civ 26.6.  *Id.*  Defendant argues that Plaintiff is attempting to

circumvent D.N.M.LR-Civ 26.6 by re-serving her first set of discovery requests as a second set

of discovery requests. *Id.* at 3.  Defendant states that the Motion is baseless and asks for attorney

fees and costs. *Id.* at 3–4.

The Court agrees with Defendant.  Plaintiff filed no reply and does not deny that the

second set of discovery requests is substantially identical to the first set. *See* [Doc. 77].  Nor

does she deny that the purpose of the second set of discovery requests was to circumvent

D.N.M.LR-Civ 26.6.  Therefore, the Court finds that the Motion is without merit and shall be

denied.

Furthermore, the Court finds that the Motion is not substantially justified and that

Plaintiff has presented no circumstances indicating that an award of reasonable expenses would

be unjust. *See* Fed. R. Civ. P. 37(a)(5)(B).  The Court also finds that Plaintiff's counsel, rather

than her client, is the primary party responsible for the Motion and antecedent events.

Accordingly, the Court will require Plaintiff's counsel to pay Defendant its reasonable expenses,

including attorney fees, incurred in opposing the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [Doc. 72] is

**DENIED.**

**IT IS FURTHER ORDERED** that Defendant shall file an affidavit detailing the

expenses incurred in opposing the motion, including attorney fees, **by no later than June 9,**

**2014**, for award pursuant to  Fed. R. Civ. P. 37(a)(5)(B).  If Plaintiff finds any basis for objecting

to the award of expenses, she shall file a response **by no later than June 23, 2014.**

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**