UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LINDA JOYCE STINSON,

      Plaintiff,

v.                                                     Case No. 13-cv-00452 KG/SMV

WAL-MART STORES EAST, L.P.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Plaintiff's Opposed Motion For Leave to File First Amended Complaint, (Doc. 28), filed on August 14, 2013, with attached Exhibit A, [Proposed] Plaintiff's First Amended Complaint.  Plaintiff seeks leave to amend her complaint, as required under Federal Rule of Civil Procedure 15(a)(2), to add a claim for race discrimination and retaliation.  On August 29, 2013, Defendant filed its Response, (Doc. 31), asserting Plaintiff failed to exhaust her administrative remedies as to these claims as required under the New Mexico Human Rights Act (NMHRA) and is untimely.  Plaintiff filed her Reply on September 9, 2013, (Doc. 32), contending the claims for retaliation and discrimination arise from her earlier administrative claims for which she exhausted her administrative remedies and are timely.  Having considered the facts and arguments and authorities, I agree Plaintiff has failed to exhaust her administrative remedies.  As a result, I deny her motion.

      The grievance procedure provided in the NMHRA requires complaints be filed with the New Mexico Department of Workforce Solutions (NMDWS) within 300 days after the alleged unlawful acts occurred.  NMSA 1978, § 28-1-10(A) (2012 Repl. Pamp.) ("All complaints shall be filed with the division within three hundred days after the alleged act was committed.").  Plaintiff alleges she was terminated on June 11, 2011, as a result of discrimination and in

retaliation for her disability, in violation of the Civil Rights Act (CRA) and the Americans with Disabilities Act (ADA).  She filed her charge with the EEOC in October 2011, and it is those claims that gave rise to the original civil complaint, (Doc. 1), filed on May 14, 2013.  Then, on August 5, 2013, Plaintiff filed a charge with the NMDWS, claiming retaliation and race discrimination in violation of the CRA and the ADA, after she applied for a new position with Defendant in May 2012 and was not hired.  As is clear from this timeline, Plaintiff did not file her second charge within the required 300 days of Defendant's refusal to rehire Plaintiff.  She contends the time limit does not apply to her second charge because the latest discrimination and retaliation arose from those alleged in her first charge.  In addition, she claims her second charge is timely as measured from when she was notified by Defendant that she would not be hired, which had not occurred by August 2013.

Plaintiff raises discrete claims of alleged unlawful employment practices in her second charge, however, that require exhaustion of administrative remedies apart from the first charge. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).  "*Morgan* abrogates the continuing violation doctrine as previously applied to claims of the discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."  *Id.*  "Discrete acts such as termination, failure to promote, denial of transfer, or *refusal to hire* are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"  *Id.*  (emphasis added and internal quotations omitted).  As a result, I find Plaintiff failed to exhaust her administrative remedies for her second charge.

Accordingly, Plaintiff's Motion (Doc. 28) is DENIED.

IT IS SO ORDERED.

                                                                     _____

                                                                     UNITED STATES DISTRICT JUDGE