IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA JOYCE STINSON,

    Plaintiff,

v.     No. 13-cv-0452 KG/SMV

WAL-MART STORES EAST, L.P.,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Reconsideration of Order Denying Motion to Compel [Doc. 80] ("Motion for Reconsideration"), filed on May 30, 2014. Defendant has filed no response, and none is needed. The Court, having considered the motion and relevant law, and being otherwise fully advised in the premises, finds that the Motion is not well-taken and shall be DENIED.

**I.     Background**

On February 28, 2014, Plaintiff served her second set of interrogatories and second set of requests for production. [Doc. 72] at 2. Defendant served its objections on April 2, 2014. [Doc. 68]. Plaintiff filed a motion to compel [Doc. 72] on April 21, 2014. Plaintiff's motion asked the Court to overrule Defendant's objections to Interrogatories Nos. 18–25 and Request for Production Nos. 52–63. [Doc. 72] at 2. Defendant filed its response on May 8, 2014. [Doc. 76]. In the response, Defendant asserted that Plaintiff had previously served substantially identical discovery requests on July 31, 2013, when she filed her first set of discovery requests. [Doc. 73] at 2. It argued that after it objected to the first set of requests, Plaintiff failed to file a motion to

compel within the time limits set out in D.N.M.LR-Civ 26.6.  *Id.*  Defendant further argued that Plaintiff was attempting to circumvent D.N.M.LR-Civ 26.6 by re-serving the first set of discovery requests as a second set of discovery requests.  *Id.* at 2–3.  No reply was filed, but Plaintiff did file a notice of completion of briefing on May 19, 2014.  [Doc. 77].

After reviewing the briefing, the Court found that Plaintiff had failed to dispute that the second set of discovery requests was substantially identical to the first set or was an attempt to circumvent D.N.M.LR-Civ 26.6.  [Doc. 78] at 2.  The Court denied the motion to compel and, pursuant to Fed. R. Civ. P. 37(a)(5)(B), ordered Plaintiff's counsel to pay reasonable expenses to Defendant.  *Id.*

The instant motion seeks reconsideration of the Court's decision.  In support, Plaintiff asserts—for the first time—that the two sets of discovery requests are not substantially identical.  [Doc. 80] at 2.  Additionally, she provides—for the first time—the first set of discovery requests in support of her position.

**II.** **Standard**

The Federal Rules of Civil Procedure do not recognize motions for reconsideration.  *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010).  Instead, a party seeking reconsideration may file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment under Fed. R. Civ. P. 60(b).  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).  A motion for reconsideration filed within 28 days of the challenged order "must" be construed under Rule 59(e) and not under Rule 60(b)).  *Hinzo v. State of N.M. Dep't of Corrs.*, No. 10-cv-0506 JB/CG, 2012 U.S. Dist. LEXIS 100558,

\*4–5 n.2 (D.N.M. May 29, 2012) (unpublished). "Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Courts should not grant relief under Rule 59(e) where the movant seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

### III.   Discussion

Here, Plaintiff filed her Motion for Reconsideration [Doc. 80] within 28 days of the challenged order [Doc. 78]. Therefore, it is evaluated under Rule 59(e) rather than Rule 60(b). Plaintiff does not argue that there has been an intervening change in the controlling law, nor does she present any new evidence that was previously unavailable to her. *See generally* [Doc. 78]. Nor does she argue that reconsideration is necessary to correct clear error or prevent manifest injustice. *See generally id.* Plaintiff could have replied to Defendant's arguments and presented the Court with both sets of discovery requests in the normal course of briefing. Plaintiff inexplicably failed to do so. The instant motion merely seeks to revisit issues already addressed and to advance arguments that could have been raised in prior briefing. Reconsideration is not warranted. *See Servants of the Paraclete*, 204 F.3d at 1012.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that Plaintiff's Opposed Motion for Reconsideration of Order Denying Motion to Compel [Doc. 80] is **DENIED.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**