## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LINDA JOYCE STINSON,**

     **Plaintiff,**

v.                                            **No. 13-cv-0452 KG/SMV**

**WAL-MART STORES EAST, L.P.,**

     **Defendant.**

### ORDER TO PAY DEFENDANT'S REASONABLE EXPENSES

THIS MATTER is before the Court on Defendants' counsel's Affidavit Outlining Expenses . . . [Doc. 81] ("Affidavit"), filed on June 4, 2014. Plaintiff filed objections on June 20, 2014. [Doc. 88]. The Court, having considered Plaintiff's objections, and otherwise being fully advised in the premises, shall order Plaintiff's counsel to pay Defendant's reasonable expenses in the amount of $2,125.00.

On April 21, 2014, Plaintiff filed her Opposed Motion to Compel [Doc. 72] ("Motion") seeking to compel responses to her second set of interrogatories and second set of requests for production. On May 23, 2014, the Court entered its Order Denying Plaintiff's Motion to Compel [Doc. 78] ("Order"). The Court denied Plaintiff's Motion because she failed to dispute that (1) her second set of discovery requests were substantially identical to her first set of discovery requests and (2) were served on Defendant to circumvent D.N.M.LR-Civ 26.6. [Doc. 78] at 2. The Court stated it was inclined to order Plaintiff's counsel to pay Defendant its reasonable expenses and attorney fees incurred in the defending against the Motion. *Id.* On

May 30, 2014, Plaintiff sought reconsideration, providing the Court with both sets of discovery requests for the first time.   [Doc. 80].   The Court denied reconsideration on June 5, 2014. [Doc. 84].

In the Affidavit, Defendant requests payment of $2,930.00 for 11.6 hours of work billed by two separate attorneys.   [Doc. 81-1].   Plaintiff now argues that her motion was substantially justified and that Defendant's claimed expenses are excessive.   [Doc. 88] at 2.   The Court is not convinced by Plaintiff's first argument.   Plaintiff inexplicably failed to reply to Defendant's arguments.   Having subsequently reviewed both sets of discovery requests, the Court notes that many of the second discovery requests are materially similar in substance to the first requests. *Compare* [Doc. 80-1], *with* [Doc. 80-2].   Accordingly, Plaintiff's Motion was not substantially justified and an award of reasonable expenses is not unjust.

However, the Court finds that the 11.6 hours of work claimed by Defendant is excessive in relation to the complexity of issues involved.   Additionally, attorney fees incurred for the preparation of the Affidavit are not recoverable.   *See Addington v. Mid-American Lines*, 77 F.R.D. 750, 751 (W.D. Mo. 1978).   Therefore, the Court finds that the appropriate award for reasonable expenses and attorney fees is $2,125.00.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's counsel shall pay Defendant $2,125.00 pursuant to Fed. R. Civ. P. 37(a)(5)(B) within 15 days.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

2

3