IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA JOYCE STINSON,

    Plaintiff,

v.                                                              Case No. 13-CV-00452 KG/SMV

WAL-MART STORES EAST, L.P.,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment, filed July 22, 2014. (Doc. 45). On August 5, 2014, Plaintiff filed a response and on August 20, 2014, Defendant filed a reply. (Docs. 97 and 102). In Plaintiff's response, Plaintiff contends that she "could have returned to work and performed the duties of her position if Defendant had merely allowed her the reasonable accommodation of more time off before her return" to work. (Doc. 97). In Defendant's reply, Defendant argues for the first time that Plaintiff's claim fails as a matter of law because Plaintiff's request for indefinite leave from performing the essential functions of her job is an unreasonable accommodation, and, accordingly, Plaintiff is not a qualified individual under the New Mexico Human Rights Act (NMHRA). (Doc. 102) at 7-9.

The Tenth Circuit Court of Appeals has held that, when a district court accepts a reply brief from a movant that contains new material or argument, the court must either: (1) permit a surreply from the nonmovant, or (2) refrain from relying on the new material or argument in ruling on the motion. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Because Defendant raises the argument that Plaintiff's request for indefinite leave is an unreasonable accommodation in its reply for the first time, the Court *sua sponte* permits Plaintiff

to file a surreply, on or before December 8, 2014, to address whether Plaintiff's request for indefinite leave was a reasonable accommodation.  *See Callies v. Lane*, 2013 WL 5781147 (D. Colo. Oct. 25, 2013) (court *sua sponte* allowed party to file surreply).

IT IS THEREFORE ORDERED that on or before December 8, 2014, Plaintiff may file a surreply limited to discussion of whether Plaintiff's request for indefinite leave was a reasonable accommodation.

_____
UNITED STATES DISTRICT JUDGE

2